UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WAYNE DAVIS,                          Case No. 10-12594

        Plaintiff,                     Julian Abele Cook
vs.                                        United States District Judge

COMMISSIONER OF SOCIAL SECURITY,           Michael Hluchaniuk
                                           United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 13)**

## I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On June 10, 2010, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Julian Abele

Cook referred this matter to the undersigned for the purpose of reviewing the

Commissioner's decision denying plaintiff's claim for a period of disability,

disability insurance, and supplemental security income benefits. (Dkt. 3). This

matter is before the Court on cross-motions for summary judgment. (Dkt. 8, 13).

    B.   Administrative Proceedings

Plaintiff filed the instant claims on January 11, 2007, alleging that he

became unable to work on April 7, 2006.  (Dkt. 6, Tr. at 99).  The claim was

initially disapproved by the Commissioner on April 9, 2007.  (Dkt. 6, Tr. at 66-

76).  Plaintiff requested a hearing and on May 7, 2008, plaintiff appeared with

counsel before Administrative Law Judge (ALJ) Paul R. Armstrong, who

considered the case *de novo*.  In a decision dated July 23, 2008, the ALJ found that

plaintiff was not disabled.  (Dkt. 6, Tr. at 8-20).  Plaintiff requested a review of

this decision on September 29, 2008.  (Dkt. 6, Tr. at 6-7).  The ALJ's decision

became the final decision of the Commissioner when, after the review of

additional exhibits[1] (AC-10-11F, Dkt. 6, Tr. at 4), the Appeals Council, on May 5,

2010, denied plaintiff's request for review.  (Dkt. 6, Tr. at 1-5); *Wilson v. Comm'r

of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

    For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

summary judgment be **GRANTED** and that the findings of the Commissioner be

_____

    [1] In this circuit, where the Appeals Council considers additional evidence
but denies a request to review the ALJ's decision, since it has been held that the
record is closed at the administrative law judge level, those "AC" exhibits
submitted to the Appeals Council are not part of the record for purposes of judicial
review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r
of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  Therefore, since district court
review of the administrative record is limited to the ALJ's decision, which is the
final decision of the Commissioner, the court can consider only that evidence
presented to the ALJ.  In other words, Appeals Council evidence may not be
considered for the purpose of substantial evidence review.

**AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was 33 years of age at the time of the most recent administrative hearing.  (Dkt. 6, Tr. 99).  Plaintiff's relevant work history included approximately two years as an office helper.  (Dkt. 6, Tr. 19, 58, 167).  In denying plaintiff's claims, defendant Commissioner considered a right arm injury due to auto accident and numbness as possible bases of disability.  (Dkt. 6, Tr. 166).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since April 7, 2006.  (Dkt. 6, Tr. at 13).  At step two, the ALJ found that plaintiff's status post-right brachial plexus injury and degenerative disc disease were "severe" within the meaning of the second sequential step.  *Id*.  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 6, Tr. at 14).  At step four, the ALJ found that plaintiff could perform his previous work as an office helper.  (Dkt. 6, Tr. at 18).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.  (Dkt. 6, Tr. at 19).

B.    <u>Plaintiff's Claims of Error</u>

Plaintiff first asserts that the ALJ improperly looked for specific medical findings to support plaintiff's complaint of pain.  While the ALJ purported to consider plaintiff's allegations of pain in the context of his decision, plaintiff contends that the ALJ summarily concluded that because plaintiff was able to provide care for his two children with the help of his wife, his pain was less than disabling.

Plaintiff testified that he was unable to use his right arm - could not move it - for a continuous period following his injury.  Plaintiff's description of his treatment after surgery is consistent with that claim.  He indicated he was in therapy for some eight months after surgery, at the conclusion of which he was able to move his arm only 1/3 of a normal lift.  According to plaintiff, he has suffered unremitting pain since.  While he took care of his children throughout that period, he says that he would not have been able to do so without the assistance of his family, whom he relies on still to perform his day to day activities.  According to plaintiff, there is no evidence of record to support the conclusion that the level of function required of plaintiff to care for his two children as plaintiff did so is consistent with the capacity for substantial gainful activity.  Thus, plaintiff argues that not only did the ALJ minimize the consistency and persistence of plaintiff's description of the pain he suffers, the ALJ further

minimizes the significance of the medical record that documents those conditions from which plaintiff's pain derives. Plaintiff's nerves in his arm were severed from the auto accident. He was left, as was found even 20 years later, with muscle wasting, loss of tissue mass, and pain in his right shoulder and arm. According to plaintiff, it is unreasonable to attribute those clinical findings to trauma other than that suffered by plaintiff on August 11, 1989 in the absence of some evidence of later trauma. Further, plaintiff injured his back in August 2006. The medical records showed a mild degenerative narrowing in his thoracic spine. Thus, plaintiff suffers an objectively observed medical condition that arose on August 11, 1989 that is of such a severity that it can reasonably be expected to produce the disabling pain of which he complains. According to plaintiff, the effect of that pain on his day to day function precludes his performance of substantial gainful activity. The ALJ incorrectly found that his right arm had been repaired with stable findings. While plaintiff's right arm was stable one year after surgery, the right upper extremity revealed a significant degree of atrophy caused from the nerve being cut and Dr. Hensinger stated that the shoulder could loosen over time.

Plaintiff maintains that he is unable to perform past work and is unable to pursue work due to his disabilities. And, the ability to perform household chores and take care of his 10 and 4 year old does not necessarily prove that he is capable of full-time employment. The ability to do a task is not the same as the ability to

do a job as the ability to do some work on an intermittent basis does not establish that plaintiff is able to engage in substantial gainful activity.  Plaintiff has been unsuccessful in attempts to work, which supports his claim for disability. Plaintiff is not able perform the jobs asserted vocational expert's testimony with only one arm, as he is not able to complete a task at an acceptable rate of speed or consistency.  According to plaintiff, arcade machines require strength and both hands to clean machines and collect money as the doctor stated that plaintiff cannot pick up a coin; surveillance monitoring would require the use of sitting for long periods and pressure on his elbow; and as an order clerk he is unable to write with his right hand.  Finally, plaintiff asserts that the ALJ's decision on the residual functional capacity was not supported by competent evidence as he relied on a non-treating doctor to base his opinion.

     C.    <u>Commissioner's Motion for Summary Judgment</u>

According to the Commissioner, other than objecting to the ALJ's credibility finding, plaintiff raises only perfunctory arguments.  In his decision, the ALJ concluded that plaintiff's neck injury and degenerative disc disease were severe impairments.  (Tr. 13-14).  In light of plaintiff's back impairment, the ALJ "specifically limited [Plaintiff] to a limited range of light work."  (Tr. 17).  In incorporating other significant limitations in his RFC finding, the ALJ gave the opinion from Dr. Grause, the consultative examiner, "substantial weight," except

to the extent that Dr. Grause had opined that plaintiff had "no use of his right arm." (Tr. 17-18). The ALJ noted that Dr. Grause had found during his examination that plaintiff "retained some abilities to use his right hand," including, for example, the ability to grip with 40 pounds of pressure, button clothing, and open a door, as well as a full range of motion in his right hand and fingers. (Tr. 17-18, citing, Tr. 241-42). The ALJ also considered and gave "substantial weight" to the testimony and opinions of Dr. Jilhewar, the medical expert who appeared at plaintiff's hearing. (Tr. 18). According to the Commissioner, plaintiff does not object to the ALJ's weighing of these opinions, nor does he attempt to engage and refute the medical evidence or opinions from Dr. Grause or Dr. Jilhewar.

The Commissioner also contends that plaintiff merely, in passing, states that he is "not able [to] perform the jobs asserted" by the VE because he has one arm and is "not able to complete a task at an acceptable rate of speed or consistency," and then offers his own lay opinions about why he feels he could not do those jobs. Plaintiff then concludes his brief with the single sentence that the ALJ's RFC finding "was not supported by competent evidence [because] he relied upon a non-treating doctor." Because plaintiff offers nothing else in the way of developed argument, the Commissioner asserts that plaintiff has waived these arguments by failing to offer more than a perfunctory assertion.

According to the Commissioner, the ALJ reasonably concluded that

Report and Recommendation
Cross-Motions for Summary Judgment
*Davis v. Comm'r*; 10-12594

plaintiff's allegations about his impairments were less than fully credible, and offered substantial evidence in support.  Plaintiff's primary contention in his brief that the ALJ "erred in looking for specific medical findings" in making a credibility decision is contradicted by the relevant authorities.  The Commissioner contends that plaintiff's argument essentially asks the Court to reweigh the factual evidence and conclude that it supports his allegations of disability.  Plaintiff's arguments are without merit because, according to the Commissioner, the ALJ's credibility decision was well-reasoned, legally sound, and supported by substantial evidence.  Specifically, the ALJ observed that "[t]he record [did] not include a longitudinal record of any treatment [Plaintiff had] received with respect to his right arm since June 1990 or his back since the emergency room visit in April 2006. " (Tr. 16).  Plaintiff mentions in passing that the ALJ "erred in looking for specific medical findings" when making a credibility finding, and later accuses the ALJ of "minimiz[ing] the significance of the medical record."  However, the Commissioner points out that the applicable regulations and rulings, as well as Sixth Circuit authority, demonstrate that the ALJ did not err in looking to the medical record when evaluating plaintiff's credibility.  As the Sixth Circuit has observed, the regulations require a claimant's subjective claims to be "supported by objective medical evidence in order to serve as the basis of a finding of disability." *McCoy ex rel. McCoy v. Chater*, 81 F.3d 44, 47 (6th Cir. 1995) (citing

Report and Recommendation
Cross-Motions for Summary Judgment
*Davis v. Comm'r*; 10-12594

20 C.F.R. § 404.1529; 42 U.S.C. § 423(d)(5)(A); Casey, 987 F.2d at 1230). The Commissioner acknowledges that an ALJ may not discount a claimant's allegations solely because of a lack of objective medical evidence, he points to Social Security Ruling 96-7p, which explains that "the medical evidence, especially a longitudinal medical record, can be extremely valuable in the adjudicator's evaluation of an individual's statements about pain or other symptoms." 1996 WL 374186, *6-7. "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue," particularly in this case where, the Commissioner contends the ALJ correctly observed, the record is devoid of any longitudinal evidence to support plaintiff's allegations. (Tr. 16). *Walters*, 127 F.3d at 532. Thus, the ALJ reasonably cited the lack of medical treatment as "one of the many factors" he considered. Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *6.

The Commissioner asserts that the ALJ also properly cited other substantial evidence that supported his credibility determination. For example, although plaintiff claims he "suffered unremitting pain" since his surgery as a teenager, the ALJ noted that plaintiff had taken no medications, nor had he sought any treatment for this allegedly disabling pain. (Tr. 16). The Commissioner contends that the ALJ could reasonably conclude that a total lack of treatment or medication for over 16 years did not comport with plaintiff's claims of disabling, "unremitting"

pain. 20 C.F.R. §§ 404.1529(c)(3)(iv), (v); 416.929(c)(3)(iv), (v).  Plaintiff both testified and told Dr. Grause, the consultative examiner, that he also was able to care for his two children while his wife worked.  (Tr. 37, 240).  Plaintiff was also able to work in six different years after his injury, which the ALJ cited as further evidence that plaintiff's impairments were not disabling.  (Tr. 16).  Daily activities, such as providing childcare or engaging in full-time work with an impairment, are also among the relevant factors the ALJ may consider.  20 C.F.R. §§ 404.1529(c)(3)(i), 416.1529(c)(3)(i).  Essentially, the Commissioner posits that plaintiff attempts to argue only that he should have found his allegations fully credible.  However, the Commissioner points out that the Court's duty is not to make credibility determinations or otherwise re-weigh the factual evidence, as plaintiff lobbies it to do.  Thus, the Commissioner urges the Court to conclude that the ALJ reasonably concluded based on the inconsistencies summarized above that plaintiff's allegations were less than credible and acted within his "zone of choice." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.   <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the

Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381

*et seq.*).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R.

§ 416.905(a) (SSI).

    The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in

substantial gainful activity, benefits are denied without
further analysis.

Step Two: If the claimant does not have a severe
impairment or combination of impairments, that
"significantly limits ... physical or mental ability to do
basic work activities," benefits are denied without
further analysis.

Step Three: If plaintiff is not performing substantial
gainful activity, has a severe impairment that is expected
to last for at least twelve months, and the severe
impairment meets or equals one of the impairments listed
in the regulations, the claimant is conclusively presumed
to be disabled regardless of age, education or work
experience.

Step Four: If the claimant is able to perform his or her
past relevant work, benefits are denied without further
analysis.

Step Five: Even if the claimant is unable to perform his
or her past relevant work, if other work exists in the
national economy that plaintiff can perform, in view of
his or her age, education, and work experience, benefits
are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

## C.    Analysis and Conclusions

Plaintiff's primary claim is that the ALJ improperly assessed his credibility

and had no basis to discredit any of his testimony. The undersigned disagrees with

plaintiff. The ALJ's credibility finding is entitled to deference and should not be

disregarded given the ALJ's opportunity to observe the plaintiff's demeanor.

However, if the ALJ rejects the testimony of the plaintiff as not being credible, the

ALJ must clearly state the reasons for that conclusion. *Felisky v. Bowen*, 35 F.3d

1027, 1036 (6th Cir. 1994).

As a preliminary issue, plaintiff seems to claim, although not directly, that the loss of use of his arm equates to disability.  The residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002).  "A claimant's severe impairment may or may not affect his or her functional capacity to do work.  One does not necessarily establish the other."  *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich. 2004).  "The regulations recognize that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms."  *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed.Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e).  The Sixth Circuit has made it clear that even the entire loss of the use of one hand and arm does not automatically equate to disability.  *See e.g.*, *Boseley v. Comm'r of Soc. Sec.*, 397 Fed.Appx. 195 (6th Cir. 2010), citing, *Odle v. Sec'y of Health and Human Svcs.*, 788 F. 2d 1158, 1161 (6th Cir. 1985).  Thus, to the extent that plaintiff argues that the ALJ improperly rejected the consulting physician's conclusion that he had essentially no use of one arm, even if the ALJ had adopted this conclusion (which was not consistent with other findings of the consulting

physician regarding the functional use of plaintiff's arm), it would not necessarily mean that plaintiff was disabled from all work.  The undersigned also concludes that there is substantial evidence for the ALJ's determination that plaintiff retained some limited use of right hand and arm, as set forth in the RFC.

As to plaintiff's primary claim, the assessment of his credibility, SSR 96-7p provides guidance on the factors to be considered when evaluating credibility:

> Assessment of the credibility of an individual's statements about pain or other symptoms and about the effect the symptoms have on his or her ability to function must be based on a consideration of all of the evidence in the case record. This includes, but is not limited to:
>
> * The medical signs and laboratory findings;
>
> * Diagnosis, prognosis, and other medical opinions provided by treating or examining physicians or psychologists and other medical sources; and
>
> * Statements and reports from the individual and from treating or examining physicians or psychologists and other persons about the individual's medical history, treatment and response, prior work record and efforts to work, daily activities, and other information concerning the individual's symptoms and how the symptoms affect the individual's ability to work.

The adjudicator must then evaluate all of this information and draw appropriate inferences and conclusions about the credibility of the individual's statements.  *Id*. Based on the foregoing, it was entirely proper for the ALJ to consider the dearth of medical evidence and medical treatment as a factor in evaluating plaintiff's

credibility.

In addition, the failure to seek treatment for a period of time may be a factor to be considered against a claimant, *Hale v. Sec'y of Health and Hum. Serv.*, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy her condition, *McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990). Here, plaintiff does not claim that he was unable to obtain any treatment for any reason for his claimed "unrelenting pain" over the course of 15 years. Thus, it was entirely appropriate for the ALJ to consider the lack of treatment in assessment plaintiff's credibility. In this vein, the undersigned also rejects plaintiff's conclusory argument that the ALJ's RFC finding "was not supported by competent evidence [because] he relied upon a non-treating doctor." It was entirely appropriate under SSR 96-7p, particularly in the absence of contrary evidence from any treating physician, for the ALJ to rely on the medical opinions from consulting physicians.

While plaintiff claims that his work history should not have been used as a factor in assessing his credibility, that is clearly a factor that may be considered under SSR 96-7p. Plaintiff suggests, without any evidentiary support, that he is unable to do the jobs identified by the VE. Plaintiff's lay opinions, in the absence of any supporting evidence, do not provide a persuasive basis for the undersigned to reject the ALJ's reliance on the VE's opinions.

Report and Recommendation
Cross-Motions for Summary Judgment
*Davis v. Comm'r*; 10-12594

The ALJ, in commenting on plaintiff's credibility as it relates to pain symptoms, must follow the requirements of, among other provisions, 20 C.F.R. § 404.1529 as well as SSR 96–7p, which provides, in part:

> In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:
>
> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

The ALJ thoroughly discussed the appropriate factors in assessing the impact of plaintiff's pain complaints on his ability to function.  And, the ALJ reasonably concluded that plaintiff's pain did not preclude him from performing any work. As set forth above, an ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, and the undersigned finds no basis to disturb the ALJ's credibility findings, or any other findings made by the ALJ. D.

D.     Conclusion

After review of the record, the undersigned concludes that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, and the decision is supported by substantial evidence.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED** and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

Report and Recommendation
Cross-Motions for Summary Judgment
*Davis v. Comm'r*; 10-12594

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 24, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

22

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>August 24, 2011</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>John S. Paterson, Derri T. Thomas, AUSA, and the Commissioner of Social Security</u>.

s/Darlene Chubb_____

Judicial Assistant

(810) 341-7850

darlene_chubb@mied.uscourts.gov
