UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARY WAYNE DAVIS

        Plaintiff,

v.                                                                    Case No. 10-12594
                                                                      Honorable Julian Abele Cook, Jr.
COMMISSIONER OF
SOCIAL SECURITY

        Defendant.


<u>ORDER</u>

This case involves a complaint by the Plaintiff, Gary Wayne Davis, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). Now pending before the Court are the motions for summary judgment that the parties have filed pursuant to Federal Rule of Civil Procedure 56.

Magistrate Judge Michael Hluchaniuk, to whom the parties' motions for summary judgment were referred for an evaluation, submitted a report on August 25, 2011, in which he recommended that the Court (1) deny Davis' motion for summary judgment, and (2) grant the Commissioner's motion for summary judgment. As of this date, neither party has filed an objection to Magistrate Judge Hluchaniuk's report.

For the reasons that have been set forth below, this Court adopts the report, including the recommendations of Magistrate Judge Hluchaniuk, in its entirety.

I.

On January 11, 2007, Davis filed applications for disability insurance benefits and supplemental security insurance, claiming to have sustained a permanent disability (i.e., partial paralysis in his right arm and numbness in his fingers and foot) that rendered him unable to work as of April 7, 2006. This condition had its genesis in an accident in 1989 wherein he was struck by an automobile while riding his bicycle. Davis, whose formal education ended in the twelfth grade, reports that he has had past relevant work experience as an office helper, lubrication servicer, farm worker, and press machine tender.

When his initial application for Social Security benefits was rejected, he sought and ultimately obtained a *de novo* hearing before an administrative law judge who, in a decision rendered on July 23, 2008, determined that he was not a disabled person within the meaning of the Social Security Act. The administrative law judge concluded that, although Davis suffered from two severe impairments (to wit, status post-right brachial plexus injury and a degenerative disc disease), his proffered evidence did not support the statutory requirement of an impairment or a combination of impairments that met or equaled the "Listing of Impairments." It was also the conclusion of this administrative law judge that Davis possessed the residual functional capacity to perform light work which is subject to the following conditions; namely, he (1) may stand and/or walk for six hours, and sit for six hours, during an eight-hour workday; (2) is unlimited in pushing and/or pulling with his left arm and lower extremities; (3) is not restricted in his ability to reach, handle, finger, and feel with his left arm and hand; (4) retains the ability to push, pull, and/or perform gross manipulative functions with his right hand, but not above his waist; (5) can frequently balance and occasionally climb, stoop, kneel, crouch, and crawl; and (6) must avoid

concentrated exposure to vibration and hazards such as unprotected heights and dangerous machinery. The administrative law judge opined that these limitations do not preclude him from performing his past work as an office helper. Alternatively and based upon the testimony of a vocational expert, he also determined that, given these restrictions as well as such factors as age, education, and work experience, Davis is able to perform a significant number of jobs that are available in the national economy. Thus, the administrative law judge concluded that he was not suffering from a disability which is compensable under the Social Security Act. This decision became the final decision of the Commissioner on May 5, 2010, when the Appeals Council denied Davis' request for a review. This lawsuit followed.

## II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

3

III.

In his appeal to this Court, Davis submits that the decision by the Commissioner should be reversed because (1) the administrative law judge erred when he improperly relied upon the lack of supporting objective medical evidence when discounting his claims of unrelenting pain and consequent inability to maintain employment, and (2) the residual functional capacity assessment was not supported by competent evidence because it was formed in reliance on the testimony of a non-treating doctor. The Court will consider these arguments seriatim.

In assessing Davis' first argument, the Court recognizes that a finding on credibility must be (1) based upon the entire case record, and (2) "sufficiently specific to make clear to the individual and any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p; *see also* 20 C.F.R. § 404.1529(c)(3) (listing factors to be considered in making credibility determination); *id.* § 416.929(c)(3) (same). Moreover, "[s]ince the [administrative law judge] has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (citation and internal quotation marks omitted); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

In assessing the credibility of Davis' testimony, the administrative law judge determined that his "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual capacity assessment. . . ." (Tr. 16). As required by SSR 96-7p, and as detailed in the report of Magistrate Judge Hluchaniak, he gave the following specific reasons for discounting Davis' testimony; to wit,

4

(1) his reported activities of daily living and social functioning were inconsistent with his testimony; (2) there was no evidence that Davis ever sought any medical treatment between 1990 and 2005; (3) his work history in the years since the accident - Davis worked at an SGA level in 1998, 1998, 2002, 2003, 2004, and 2005 - demonstrated that his injury was not, in and of itself, disabling; and (4) the medical evidence in the record (in particular, the results of a consultative examination that was performed in March 2007) demonstrated that his ability to use his right arm was limited, but did not support his claim that this physical handicap rendered him wholly incapable of undertaking all work activity.

Davis has correctly noted that it would be an error for an administrative law judge to reject a claimant's statements about the intensity and persistence of pain *solely* because the available objective medical evidence does not support the allegations. (Pl.'s Br. at 8). However, this argument does not support the requested reversal here because the administrative law judge did not rely exclusively on the lack of medical evidence. Rather, this factor was only one of several reasons that the administrative law judge gave for determining that Davis' statements were not fully credible. In light of the relevance of medical evidence to the credibility determination, it was entirely appropriate for the administrative law judge to give consideration to this factor, among others. *See* SSR 96-7p ("Apart from the medical signs and laboratory findings, the medical evidence, especially a longitudinal medical record, can be extremely valuable in the adjudicator's evaluation of an individual's statements about pain or other symptoms.").

Davis also asserts - without any further elaboration - that the determination of his residual functional capacity was not supported by competent evidence because it was based upon the opinion of a non-treating doctor. However, the applicable regulations provide that the residual functional capacity assessment is to be "based on all of the relevant medical and other evidence."

5

20 C.F.R. § 404.1545(a)(3). Moreover, he has not identified any treating source - as defined by 20 C.F.R. § 1527(d)(2) - whose medical opinion should have been, but was not, given controlling weight. Because there was no treating source evidence in this record, it was plainly not error to rely on evidence obtained from non-treating medical sources.

IV.

For the reasons that have been outlined above, the Court adopts the report of Magistrate Judge Hluchaniuk. In so doing, the Court (1) grants the Commissioner's motion for summary judgment, and (2) denies Davis' motion for summary judgment.

IT IS SO ORDERED.

Date: September 29, 2011                                    s/Julian Abele Cook, Jr.
                                                           JULIAN ABELE COOK, JR.
                                                           U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 29, 2011

                                                           s/ Kay Doaks
                                                           Case Manager

6